UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TWO-WAY MEDIA LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | NO. SA-09-CA-00476-OLG |
| AT&T INC., et al., | § § | |
| Defendants. | § § | |

**JOINT SUBMISSION REGARDING SCHEDULING ORDER**

Defendants AT&T Inc.; AT&T Corp.; AT&T Operations, Inc.; AT&T Services, Inc.; SBC Internet Services, Inc.; and Southwestern Bell Telephone Company and Plaintiff Two-Way Media LLC file this joint submission regarding entry of a scheduling order in this case. The parties have met and conferred and come to agreement regarding all dates for a proposed scheduling order. However, the parties have been unable to agree whether they should be required to seek and under what conditions the Court should grant leave to supplement their respective contentions regarding infringement and invalidity that were exchanged under the Southern District of Texas Local Patent Rules that previously applied to this case. It is plaintiff's position that the parties should be required to seek leave to amend contentions based on a showing of good cause and diligence. It is defendants' position that the ordinary rules of this district should apply and no leave to amend contentions should be required prior to the deadline set out in the scheduling order. A Proposed Scheduling Order setting out the parties' agreements and differences is attached as Exhibit A. The parties' statements regarding their remaining disagreement are set out below.

**Plaintiff's Statement Regarding Supplementation of Contentions**

Prior to transfer of this case to the Western District of Texas, the parties exchanged contentions setting out in detail their respective positions regarding infringement and validity of the patent claims at issue in the lawsuit. The parties' exchange of contentions was required and governed by the Local Patent Rules of the Southern District of Texas. The Southern District Local Patent Rules, like local patent rules in other districts, including all the other districts in Texas, promote the fair and orderly conduct of patent litigation by requiring the parties to make their positions on key issues known early in the case, and allowing amendment of contentions thereafter only in response and in relation to subsequent developments. *See* S.D. Tex. L.P.R. 3-6 & 3-7; *see also* E.D. Tex. L.P.R. 3-6; N.D. Tex. Misc. Ord. 62, ¶¶ 3-6 & 3-7. Under defendants' proposal, the parties would be permitted to amend their contentions at any time up to several weeks after a claim construction ruling for any reason or no reason. They would be permitted to amend even if the Court's claim construction ruling raises no new issues, and in the case of defendants, they would be entitled to amend their invalidity contentions less than a month before the close of fact discovery even if plaintiff's made no changes to their contentions of infringement. Defendants' proposal is antithetical to the purposes of the local patent rules under which the contentions were required and exchanged in the first place, and a recipe for trial by ambush and unfair surprise. The parties should be bound by their contentions at trial, and absent agreement, precluded from amending them except with leave and on showing of good cause and diligence up to the amendment deadline, and not at all thereafter.

Plaintiff's service of amended contentions without leave of Court after transfer to this district and prior to entry of a scheduling order placing limitations on amendment is not inconsistent with its position that leave should be required. Should the Court adopt plaintiff's

proposal and defendants' not agree to Plaintiff's supplementation, plaintiff intends to seek leave *nunc pro tunc* for amendment of its contentions.

Defendants' argument that Rule 26(e) provides an adequate standard for supplementation of contentions makes no sense, because Rule 26(e) by its terms applies only to "a disclosure under Rule 26(a)" or responses to "an interrogatory, request for admission, or request for production." Under defendants' proposal, no standard would apply to supplementation prior to the deadline.

Plaintiff also does not seek to selectively carry forward Southern District rules regarding supplementation in order to achieve an unfair advantage. Rather, plaintiff has proposed a simple good cause standard that is equally applicable to both sides. However, plaintiff would not object to the Court applying the Southern District Local Patent Rules under which this case has been conducted to date in their entirety to the remainder of the case.

### Defendants' Statement Regarding Supplementation of Contentions

The parties have agreed on most of the dates and events on the schedule. They have, however, been unable to agree on one issue: whether to carry over the provision in the Southern District of Texas's Local Patent Rules that requires a party to show cause and diligence before modifying its Preliminary Infringement Contentions or Preliminary Invalidity Contentions.

As background, the Southern District of Texas transferred this case to this district on June 8, 2009. Before the transfer, the Southern District of Texas's Local Patent Rules applied to this case. Before the transfer, TWM served Preliminary Infringement Contentions, and Defendants served Preliminary Invalidity Contentions.

This case is now, however, pending in this district. The rules of this district should therefore apply. TWM wants to import a selected provision of the Southern District's local

patent rules through the Scheduling Order. Applying only a single provision of those rules would upset the balance struck by the Southern District's rules.

Moreover, this district has chosen not to implement local patent rules like those in the Southern District. TWM offers no reason to add a provision of another district's local patent rules here through the scheduling order. Nor does TWM offer any reason why this case should be treated differently from any other patent case in this district. Rule 26(e) of the Federal Rules of Civil Procedure provides the standard for amending discovery responses. There is no reason to adopt a different standard in this case. Moreover, TWM's proposal would allow no amendments at all without a showing of cause, even months before the close of fact discovery, which under the proposed schedule would be next April. Indeed, TWM's stated concern that insufficient time exists between the deadline to amend invalidity and infringement contentions and the close of fact discovery is belied by the fact that some amendments would be allowed (for instance, based on the claim construction ruling) and the fact that the deadlines are a month apart.

Finally, despite its position now, TWM recently served amended infringement allegations. Evidently, TWM intends to argue that it has cause to so modify its contentions, although it did not ask the Court for permission before serving its new contentions. TWM's recent amendment illustrates the problem with adding a restriction on amendment as TWM seeks to do. The Court will be asked repeatedly to decide whether either party can amend its contentions based on cause or diligence. There is simply no reason to add to these types of disputes to the Court's docket.

DATED: August 24, 2009.                              Respectfully submitted,

/s/ *Ian B. Crosby*
Parker C. Folse, III
Attorney-in-charge
Washington State Bar No. 24895
Ian B. Crosby
Washington State Bar No. 28461
Rachel S. Black
Washington State Bar No. 32204
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, Washington  98101

Max L. Tribble, Jr.
Texas State Bar No. 20213950
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:     (713) 651-9366
Facsimile:     (713) 654-6666

Michael F. Heim
Texas State Bar No. 09380923
Leslie V. Payne
Texas State Bar No. 00784736
Micah J. Howe
Southern District of Texas Bar No.: 636023
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis St., Suite 6710
Houston, Texas  77002-2912
Telephone:     (713) 221-2000
Facsimile:     (713) 221-2021

Randolph P. Tower
Texas State Bar No. 20153000
Jeff Jowers
Texas State Bar No. 24012932
George H. Spencer, Jr.
Texas State Bar No. 18921001
CLEMENS & SPENCER
1300 Weston Centre
112 East Pecan
San Antonio, TX 78205
Telephone:     (210) 227-7121
Facsimile:     (210) 227-0732

ATTORNEYS FOR PLAINTIFF,
TWO-WAY MEDIA LLC

Dated:  August 24, 2009

Respectfully submitted,

      /s/ Douglas I. Lewis
Ricardo G. Cedillo
State Bar No. 04043600
Les J. Strieber III
State Bar No. 19398000
Mark W. Kiehne
State Bar o.24032627
Davis, Cedillo & Mendoza, Inc.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas  78212
Telephone:  (210) 822-6666
Telefax:  (210) 822-1151

David T. Pritikin
Douglas I. Lewis
Benedict Frey
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois  60603
Telephone:  312.853.7000
Facsimile: 312.853.7036

Denise L. McKenzie
555 West Fifth St., 40th Floor
Los Angeles, California  90013
Telephone:  213.896.6000
Facsimile:  213.896.6600

ATTORNEYS FOR DEFENDANTS,
AT&T INC., AT&T CORP., AT&T
OPERATIONS, INC., AT&T SERVICES, INC.,
SBC INTERNET SERVICES, INC. AND
SOUTHWESTERN BELL TELEPHONE
COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of August, 2009, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Benedict Frey – bfrey@sidley.com
Doulas Lewis – dilewis@sidely.com
David Pritikin – dpritikin@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603

Denis McKenzie – dmckenzie@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013

Ricardo Cedillo – rcedillo@lawdcm.com
Les Strieber – lstrieber@lawdcm.com
Mark Kiehne – mkiehne@lawdcm.com
DAVIS CEDILLO & MENDOZA, INC.
755 East Mulberry Avenue, Suite 500
San Antonio, TX 7812

_____
Ian B. Crosby