FILED

OCT 0 7 2013

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TWO-WAY MEDIA LLC,<br>Plaintiff,<br><br>v.<br><br>AT&T OPERATIONS INC., et. al,<br>Defendants. | § § § § § § § § § § §  Cause No. SA-09-CA-00476-OLG |

### FINAL JUDGMENT

On September 6, 2013, came on to be considered Plaintiff's ("TWM") motion for entry of Final Judgment (docket no. 579) and the parties' briefings on the issue of the proper calculation of prejudgment interest (docket nos. 579, 581, & 582). The Court has considered the argument of the parties and the applicable law and finds that the motion for Final Judgment (docket no. 579) should be GRANTED and in accordance therewith, enters Final Judgment as follows:

With all parties appearing through their respective representatives and counsel, this case was tried before a duly impaneled and sworn jury beginning on March 4, 2013, and the case was submitted to the jury on March 18, 2013. Interrogatories were submitted to the jury by the Court on the following issues:

1. the literal infringement, infringement under the doctrine of equivalents, and the invalidity by anticipation or obviousness, of Claims 1, 19, 20, 30, and 50 of U.S. Patent No. 5,778,187 ("the '187 Patent");

2. the literal infringement, infringement under the doctrine of equivalents, and the invalidity by anticipation or obviousness, of Claims 25 and 39 of U.S Patent No. 5,983,005 ("the '005 Patent"); and

3. the literal infringement, and the invalidity by anticipation or obviousness, of Claims 3 and 4 of U.S. Patent No. 6,434,622 ("the '622 Patent").

The jury returned its verdict on March 20, 2013, answering the interrogatories on the Verdict Form as follows:

Question 1: No literal infringement, as to Claims 1, 19, 20, 30, and 50 of the '187 Patent; no literal infringement of Claims 25 and 39 of the '005 Patent; no literal infringement as to Claims 3 and 4 of the '622 Patent; infringement under the doctrine of equivalents as to Claims 1, 19, 20, 30, and 50 of the '187 Patent; and infringement under the doctrine of equivalents as to Claims 25 and 39 of the '005 Patent;

Question 2: The following claims are not invalid due to either anticipation or obviousness: Claims 1, 19, 20, 30, and 50 of the '187 Patent; Claims 25 and 39 of the '005 Patent; and Claims 3 and 4 of the '622 Patent;

Question 3: Damages awarded: $27,500,000;

Question 4: Lump sum.

The Verdict Form was signed by the presiding juror, all jurors advised in open court that it was a unanimous verdict, and the verdict was accepted by the Court and filed by the Clerk.

By stipulation executed by this Court (docket no. 285, incorporated herein, by reference), the parties agreed that "[r]elevant facts proved by plaintiff regarding actions of defendant Southwestern Bell Telephone Company shall also be deemed proven for purposes of this action as to each non-party regional carrier subsidiary of AT&T Inc. . . ." The parties further agreed

2

that "[f]or purposes of proving infringement and damages in this action, a single entity shall be deemed to own and operate the U-verse service, and all the facilities used to provide it; and that same entity shall be deemed to earn all the revenues derived from U-verse. Said entity shall be referred to as 'AT&T' . . . ." The parties also agreed that "AT&T Operations, Inc., shall be liable for any damages awarded to plaintiff from 'AT&T' by reason of any finding of infringement . . . . The remaining and dismissed defendants shall be deemed, jointly and severally, guarantors of payment of any final judgment awarding damages to plaintiff."

The Court, having considered the verdict and all things both to the law and the evidence, now enters judgment in this case. It is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Claims 1, 19, 20, 30, and 50 of the '187 Patent; Claims 25 and 39 of the '005 Patent; and Claims 3 and 4 of the '622 Patent are valid and enforceable;

2. Claims 1, 19, 20, 30, and 50 of the '187 Patent; Claims 25 and 39 of the '005 Patent; and Claims 3 and 4 of the '622 Patent are not obvious or anticipated;

3. AT&T infringed under the doctrine of equivalents the following claims: Claims 1, 19, 20, 30, and 50 of the '187 Patent; and Claims 25 and 39 of the '005 Patent;

4. AT&T did not literally infringe the following claims: Claims 1, 19, 20, 30, and 50 of the '187 Patent; Claims 25 and 39 of the '005 Patent; and Claims 3 and 4 of the '622 Patent;

5. TWM is awarded damages in the lump sum amount of $27,500,000, plus prejudgment interest based on the prime rate, compounded quarterly, in the amount of $11,377,664 for damages from January 1, 2006 through March 31, 2013, plus an additional $3,462 per day through the date of entry of this Judgment;

6. Postjudgment interest on TWM's award will accrue from the date of entry of the Judgment in accordance with 28 U.S.C. § 1961 at the rate of 0.11% per annum, to be compounded quarterly until paid.

7. All costs in this case are taxed to Defendants.

IT IS SO ORDERED.

This Judgment hereby corrects the clerical mistakes addressed in Plaintiff Two-Way Media LLC's Unopposed Motion to Correct Clerical Mistakes in Final Judgment (docket no. 593).

This Judgment hereby substitutes the Final Judgment entered on September 6, 2013 (docket no. 587).

SIGNED this ___7___ day of ___October___, 2013.

United States District Judge Orlando L. Garcia