IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TWO-WAY MEDIA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 5:09-cv-476-OLG |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| AT&T OPERATIONS, INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**AT&T'S MOTION PURSUANT TO FRAP 4(a)**

**TABLE OF CONTENTS**

I.     BACKGROUND ........................................................................................................1

II.    ARGUMENT............................................................................................................5

    A.    The Court Should Extend AT&T's Time To File Its Notice Of Appeal. ...............5

    B.    The Court Should Reopen The Time For AT&T To File Its Notice Of Appeal. ....8

III.   CONCLUSION........................................................................................................10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Mennen Co. v. Gillette Co.*,
    719 F. 2d 568 (2d Cir. 1983)........................................................................................7

*Stotter v. University of Texas at San Antonio*,
    508 F.3d 812 (5th Cir. 2007) .....................................................................................7

*Xu v. University of Texas MD Anderson Cancer Center*,
    No. 4:10–cv–3711, 2013 WL 6210641 (S.D. Tex. Nov. 27, 2013)...........................7

**RULES**

Fed. R. App. P. 4(a)(4)...................................................................................................6

Fed. R. App. P. 4(a)(5)........................................................................................1, 5, 6, 7

Fed. R. App. P. 4(a)(6)......................................................................................1, 8, 9, 10

Fed. R. Civ. P. 5(b) ........................................................................................................9

Fed. R. Civ. P. 77(d) ......................................................................................................9

Fed. R. Civ. P. 79(a) ........................................................................................6, 8, 9, 10

Local Rule CV-5(b)(1).....................................................................................................9

**OTHER AUTHORITIES**

U.S.D.C. for the Western Dist. of Texas Administrative Policies and Procedures for
    Electronic Filing in Civil and Criminal Cases (June 2, 2011) ...................................9

ii

Defendants AT&T Operations, Inc. et al. (collectively, "AT&T") respectfully move for an extension of time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5), and in the alternative move for the Court to reopen the time to file an appeal pursuant to Fed. R. App. P. 4(a)(6).  As set out more fully below, the docket notifications counsel for AT&T received did not provide notice that AT&T's motions for judgment as a matter of law (JMOL) or a new trial as to damages, for JMOL as to non-infringement, and for a new trial as to non-infringement had been resolved.  While those docket entries were modified later to reflect the denial of those motions, no new electronic notices were sent by the Court's electronic case filing (ECF) system and counsel for AT&T did not receive notice of the amended docket entries.  Accordingly, good cause exists under Fed. R. App. P. 4(a)(5) for an extension of time for AT&T to file its notice of appeal.  Alternatively, the fact that counsel for AT&T did not receive sufficient notice of the substance of the orders entered justifies reopening the time to file an appeal.  AT&T is prepared to file its notice of appeal promptly on the Court's granting of the requested relief, and has attached a draft notice as Exhibit 1.

## I.     BACKGROUND

Following a jury trial, both the Court and the parties anticipated appeals, and accordingly, on September 17, 2013, AT&T filed an Agreed Motion to Stay Judgment Pending Resolution of Post-Trial Motions, seeking to stay enforcement of the judgment until resolution of all post-judgment motions "and up until the date on which the Notice of Appeal is due."  (Dkt. No. 589 at 2.)  The Court granted AT&T's motion.  (Dkt. No. 590.)  The parties proceeded with post-trial briefing, which concluded on November 1, 2013.

AT&T requested that its briefing accompanying its post-trial motions, with one exception, be filed under seal.  When the motions sought to be filed under seal were filed, they were not docketed separately as substantive post-trial motions, but were simply attachments to

accompanying "Motion[s] for Leave to File Sealed Document[s]."  (*See* Dkt. Nos. 594, 595, and 596.)  Plaintiff Two-Way Media LLC's ("TWM") opposition briefs to these motions, and AT&T's reply briefs, were similarly filed only as attachments to accompanying "Motion[s] for Leave to File Sealed Document[s]."  (*See* Dkt. Nos. 603, 604, 605, 608, 609, 610.)  AT&T's post-trial motion regarding invalidity, however, was originally docketed as a substantive post-trial motion (*see* Dkt. No. 598), and the accompanying briefs were filed and docketed publicly (*see* Dkt. Nos. 602, 611).

On November 25, 2013, between 8:50 AM and 10:05 AM, counsel for AT&T received a series of Notices of Electronic Filing ("NEF(s)") relating to these motions, including three ministerial orders showing the granting of ten pending motions for leave to file under seal, nine notices of sealed filings, and a substantive order on the invalidity motion.  *See* Decl. of Ricardo G. Cedillo at ¶¶ 2–8; Decl. of Joseph A. Micallef at ¶¶ 2–8.  In particular, in an email titled "Order on Motion for Leave to File Sealed Document," counsel for AT&T received an NEF for docket entry 613, with only the following docket text:

> ORDER GRANTING [594] Motion for Leave to File Sealed
> Document; GRANTING [599] Motion for Leave to File Sealed
> Document; GRANTING [605] Motion for Leave to File Sealed
> Document; GRANTING [608] Motion for Leave to File Sealed
> Document Signed by Judge Orlando L. Garcia. (rf)

Ex. 2 (NEF for Dkt. No. 613).  The indicated docket entries (594, 599, 605, and 608) correspond to AT&T's motions to seal its motion for JMOL or a new trial on damages, a corrected version of that motion, and AT&T's reply, and TWM's motion to seal its opposition brief.

In another November 25, 2013 email titled "Order on Motion for Leave to File Sealed Document," counsel for AT&T received an NEF for docket entry 615, with only the following docket text:

> ORDER GRANTING [595] Motion for Leave to File Sealed
> Document; GRANTING [604] Motion for Leave to File Sealed
> Document; GRANTING [609] Motion for Leave to File Sealed
> Document. Signed by Judge Orlando L. Garcia. (rf)

Ex. 3 (NEF for Dkt. No. 615). Those indicated docket entries correspond to the motions to seal

the parties' briefs on AT&T's motion for a new trial on non-infringement.

In a third November 25, 2013 email titled "Order on Motion for Leave to File Sealed

Document," counsel for AT&T received an NEF for docket entry 616, with only the following

docket text:

> ORDER GRANTING [596] Motion for Leave to File Sealed
> Document; GRANTING [603] Motion for Leave to File Sealed
> Document; GRANTING [610] Motion for Leave to File Sealed
> Document. Signed by Judge Orlando L. Garcia. (rf)

Ex. 4 (NEF for Dkt. No. 616). Those indicated docket entries correspond to the motions to seal

the parties' briefs on AT&T's motion for JMOL on non-infringement.

Finally, on the same day, November 25, 2013, counsel for AT&T also received an email

titled "Order on Motion for New Trial," and received an NEF for docket entry 614, with the

following docket text:

> ORDER DENYING [598] Motion for New Trial; DENYING
> [598] Motion for Judgment as a Matter of Law. Signed by Judge
> Orlando L. Garcia. (rf)

Ex. 5 (NEF for Dkt. No. 614). The indicated docket entry (598) is AT&T's combined motion for

a new trial and renewed motion for JMOL on invalidity, which had not been filed as an

attachment to a motion for leave to file under seal. In contrast to the NEFs for docket entries

613, 615, and 616, which provide notice of the granting of ten motions to seal but do not provide

notice that the corresponding motions have been resolved, the NEF for docket entry 614 clearly

states that the AT&T motion referenced there—that is, AT&T's Invalidity Motion under Docket

Number 598—is denied. At this point in time, based on these notices, counsel for AT&T

believed that AT&T's remaining motions for JMOL and new trial on damages and non-infringement remained pending.  *See* Decl. of Ricardo G. Cedillo at ¶ 9; Decl. of Joseph A. Micallef at ¶9.

Following the granting of the motions to seal, the clerk docketed AT&T's sealed motions for JMOL on damages, JMOL on non-infringement, and a new trial on non-infringement, and all accompanying sealed briefs at docket entries 617 through 625.  Counsel for AT&T received NEFs reflecting the docketing of each of these sealed documents.  *See* Exs. 6–14 (NEFs for docket entries 617–625).

Apparently, only at this point, when a docket entry had been generated for the under-seal substantive post-trial motions (Dkt. Nos. 617, 620, and 623), did the clerk amend prior docket entries to note that those substantive motions had been resolved.  The docket text entries for 613, 615, and 616 were modified to add "DENYING 617 SEALED MOTION," "DENYING 620 SEALED MOTION," and "DENYING 623 SEALED MOTION."  The Court's ECF system did not generate NEFs for these modified docket entries.  Accordingly, counsel for AT&T did not receive, and have never received, notices by NEF of these amended docket entries indicating that these other substantive AT&T motions had been denied.  In sum, the NEFs AT&T received reported only that its invalidity motion had been denied, and that the parties' motions to seal the briefing concerning the other post-trial motions had been granted, and those documents docketed under seal.  No notice of the critical docket entries indicating that the under-seal post-trial motions had been denied was ever received by counsel for AT&T.

Following this further activity, counsel for AT&T continued to believe that AT&T's motions for JMOL on damages, JMOL on non-infringement, and a new trial on non-infringement were still pending before the Court, because counsel had received no NEF

4

indicating they had been resolved.  *See* Decl. of Ricardo G. Cedillo at ¶¶ 9–11; Decl. of Joseph

A. Micallef at ¶¶ 9–11.  To the contrary, the NEFs AT&T's counsel had received stated only that

the motions to seal had been "GRANTED," and were silent about any ruling on the underlying

motions themselves.  This was in contrast to the NEF regarding the new trial motion on

invalidity, which stated that that motion had been "DENIED."  *See* Decl. of Ricardo G. Cedillo

at ¶¶ 7, 10; Decl. of Joseph A. Micallef at ¶¶ 7, 10.  For that reason, AT&T did not file a notice

of appeal on or before December 26, 2013.

On January 15, 2014, one of AT&T's lawyers was searching through the electronic files

of the case[1] for an unrelated order which he believed might prove helpful in a different matter.

Upon examining the order docketed at No. 613, that lawyer for the first time realized that the

Court had, in fact, issued an order resolving a post-trial motion, and not just granting motions to

seal.  *See* Decl. of Joseph A. Micallef at ¶ 12.  Only then did counsel for AT&T discover that

each of the orders filed at docket entries 613, 615, and 616 (which, according to the November

2013 NEFs that counsel received, had "GRANTED" ten motions to seal) further included rulings

that AT&T's other post-judgment motions had been "DENIED."  AT&T promptly filed the

instant motion.

## II.     ARGUMENT

### A.     The Court Should Extend AT&T's Time To File Its Notice Of Appeal.

Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides:

> The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed
> by this Rule 4(a) expires; and (ii) regardless of whether its motion
> is filed before or during the 30 days after the time prescribed by

---

[1] The NEFs are also sent to litigation assistants working for AT&T's lawyers so that they can download and save to a common networked storage location all electronically-filed documents.  As with the hundreds of other filings in this case, the documents filed by the clerk on November 25, 2013 were downloaded and stored by a litigation assistant at both Sidley Austin LLP and Davis, Cedillo & Mendoza, Inc.

> this Rule 4(a) expires, that party shows excusable neglect or good
> cause.

Fed. R. App. P. 4(a)(5)(A).  Because AT&T had filed post-trial motions under Fed. R. Civ. P. 50(b) and 59, the time prescribed by Rule 4(a) runs from the entry of the order disposing of the last of those motions.  Fed. R. App. P. 4(a)(4)(A).  While the orders are dated November 22, 2013, they were not entered until November 25, 2013.  Presuming these orders resolved the last of such pending post-judgment motions (and given the December 25 holiday), the time prescribed by Rule 4(a) would have expired on December 26, 2013.  AT&T's motion is timely under Fed. R. App. P. 4(a)(5)(A)(i) because less than 30 days have passed since December 26, 2013.

Good cause exists under Fed. R. App. P. 4(a)(5)(A)(ii).  AT&T's counsel did not receive NEFs indicating that three of AT&T's post-trial motions had been resolved.  Instead, on November 25, 2013 counsel for AT&T received NEFs explicitly indicating that a single post-trial motion had been resolved, along with a series of motions to seal.  Those notices were silent as to any ruling on AT&T's JMOL motions on damages or non-infringement, or on its motion for a new trial on non-infringement.  The NEFs reflecting the partial description of the order that the clerk docketed thus led counsel for AT&T to believe that the motions themselves had not been resolved.  *See* Decl. of Ricardo G. Cedillo at ¶¶ 9–11; Decl. of Joseph A. Micallef at ¶¶ 9–11.  *See also* Fed. R. Civ. P. 79(a)(3) ("Each entry [on the docket] must briefly show the nature of the paper filed or writ issued . . . and the substance and date of entry of each order and judgment.")

Counsel's belief that AT&T's substantive motions remained pending in light of the NEF they received was all the more reasonable in light of the fact that counsel had received that same day an NEF clearly describing on the docket that AT&T's motion for new trial on invalidity had

been denied.  Although the clerk later amended the incomplete docket entries to provide a complete description of the court's orders—one that reflects that the court in those orders "DENIED" AT&T's motions—the Court's ECF system did not generate a new or amended NEF and that amended docket entry was never communicated to counsel for AT&T.  Accordingly, after viewing the NEFs, AT&T's counsel reasonably believed various post-trial motions were still pending, and that filing any notice of appeal would have been premature.  Upon discovering that the motions had been resolved, AT&T promptly filed this motion.

      Whether the reason for the delay is thought to have been within AT&T's control or caused by the incomplete description of the order entered on the docket and communicated to AT&T's counsel, this Court should extend the time for AT&T to file its notice of appeal.[2] AT&T has pointed to good reason for the delay, and the circumstances satisfy the standards of Fed. R. App. P. 4(a)(5)(A)(ii).  As the Fifth Circuit has explained,

> The [excusable neglect] determination is at bottom an equitable one, taking into account all the relevant circumstances surrounding the party's omission.  These include . . . the danger of prejudice, . . . the length of the delay and the impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007), quoting *Pioneer Inv. Servs. Co. v. Bruswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  *See also Xu v. University of Texas MD Anderson Cancer Center*, No. 4:10–cv–3711, 2013 WL 6210641 (S.D. Tex. Nov. 27, 2013).

---

[2] The 2002 Advisory Committee's Note to Fed. R. App. P. 4(a)(5)(A)(ii) explains:

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant.  The good cause standard applies in situations in which there is no fault—excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

All of the factors favor granting AT&T relief.  The reason for delay, as explained above, is counsel's reasonable reliance on the docket entries communicated through the NEFs, all of which indicated that the orders entered by the Court were merely ministerial grants of motions for leave to file documents under seal.  Rule 79 requires that docket entries describe, among other things, the "substance" of the order, Fed. R. Civ. P. 79(a)(3), so counsel reasonably may rely on the text of a docket entry to describe the full "substance" of the order entered.  In this case, the text of the docket entry communicated to AT&T's counsel by the ECF system provided less than the full "substance" of the order.  *No* NEF indicating that the motions had been resolved was received by AT&T's counsel; the more complete docket entry reflecting that the orders denied AT&T's motions was never communicated to counsel for AT&T.  *See Mennen Co. v. Gillette Co.*, 719 F. 2d 568, 571 (2d Cir. 1983) (finding excusable neglect and directing district court to grant additional time to appeal where litigant had been "misled" by a sequence of docketed judgments).  The length of the delay is minor, and given the stage of this case, will have no impact on the proceedings.  The delay also presents no danger of prejudice because TWM is not a competitor of AT&T, and will be compensated for the additional time pursuant to the Court's order concerning post-judgment interest.  (*See* Dkt. No. 600 at 3.)  AT&T has acted in good faith to immediately address the issue and will promptly file a notice of appeal if the Court grants the requested relief.

**B.     In the Alternative, The Court Should Reopen The Time For AT&T To File Its Notice Of Appeal.**

Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides that "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered" if the following conditions are met:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).  Rule 77(d) of the Civil Rules provides:

> Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear.  The clerk must record the service on the docket.

Fed. R. Civ. P. 77(d)(1).  Rule 5(b) permits service by electronic means under local rules.  *See* Fed. R. Civ. P. 5(b)(2)(E) & (b)(3).  In this District, service may be accomplished by an NEF. *See* Local Rule CV-5(b)(1).  This District's Administrative Policies and Procedures for Electronic Filing state, "[i]mmediately upon entry of an order or judgment, the Clerk will transmit a NEF to Filing Users.  Transmission of the NEF constitutes the notice required by Rule 77(d)."  U.S.D.C. for the Western Dist. of Texas Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases (June 2, 2011) § 16(a).  The NEF includes both "the type of document" and "the text of the docket entry."  *Id.* at § 2(h).  Rule 79 of the Civil Rules ("Records Kept by the Clerk") requires that "each entry" on the docket "briefly show the nature of the paper filed or writ issued . . . and *the substance* and date of entry of each order and judgment."  Fed. R. Civ. P. 79(a)(3) (emphasis added).

Counsel for AT&T did not receive notice of the orders denying three of AT&T's post-trial motions, and accordingly the condition of Fed. R. App. P. 4(a)(6)(A) is met.  AT&T's counsel received NEFs indicating that documents of the type "Order on Motion for Leave to File Sealed Document" had been filed, with docket text indicating that ten such motions for leave had

9

been granted.  Counsel received no NEF with a document type or docket text indicating that AT&T's JMOL motions on damages or non-infringement, or its motion for a new trial on non-infringement, had been ruled on by the Court.  *See* Fed. R. Civ. P. 79(a)(3).  Further, the ECF system did not generate an NEF when the docket entries were modified.  The modified docket text indicating that those motions had been denied, and linking the orders to the motions (which were docketed only later that morning), was never transmitted to counsel for AT&T in an NEF.

As noted above, the orders at issue were entered on November 25, 2013, and because less than 180 days have passed (and because AT&T did not receive notice at any time), AT&T's motion is timely under Fed. R. App. P. 4(a)(6)(B).

Finally, no party would be prejudiced by reopening AT&T's time to file its notice of appeal, and Fed. R. App. P. 4(a)(6)(C) is satisfied.  As noted above, assuming that the orders resolving all remaining post-judgment motions were entered on November 25, 2013, it has been only three weeks since AT&T's notice of appeal would have otherwise been due.  TWM will not be prejudiced by the additional time because it is not a competitor of AT&T, and will be compensated for the additional time pursuant to the Court's ruling on post-judgment interest. (*See* Dkt. No. 600 at 3.)  Further, upon discovering the issue, AT&T acted immediately and will file its notice of appeal promptly if the Court grants the requested relief.

## III.    CONCLUSION

AT&T respectfully requests that this Court enter an order extending AT&T's time to file a notice of appeal by seven days, or in the alternative requests that this Court enter an order reopening AT&T's time to file its notice of appeal.

Dated: January 16, 2014                    Respectfully submitted,

                                           DAVIS, CEDILLO & MENDOZA, INC.
                                           McCombs Plaza, Suite 500
                                           755 E. Mulberry Avenue
                                           San Antonio, Texas 78212
                                           Telephone: (210) 822-6666
                                           Telefax: (210) 822-1151

                                           By: /s/Ricardo G. Cedillo
                                                   Ricardo G. Cedillo
                                                   State Bar No. 04043600
                                                   Les J. Strieber III
                                                   State Bar No. 19398000
                                                   Mark W. Kiehne
                                                   State Bar No. 24032627
                                                   rcedillo@lawdcm.com
                                                   lstrieber@lawdcm.com
                                                   mkiehne@lawdcm.com

                                           SIDLEY AUSTIN LLP
                                           Richard A. Cederoth
                                           Douglas I. Lewis
                                           E-mail: rcederoth@sidley.com
                                           E-mail: dilewis@sidley.com
                                           One South Dearborn
                                           Chicago, Illinois 60603
                                           Telephone: (312) 853-7000
                                           Telefax: (312) 853-7036

                                           Joseph A. Micallef
                                           Scott M. Border
                                           E-mail: jmicallef@sidley.com
                                           E-mail: sborder@sidley.com
                                           1501 K Street, N.W.
                                           Washington, DC 20005
                                           Telephone: (202) 736-8000
                                           Telefax: (202) 736-8711

                                           ATTORNEYS FOR DEFENDANTS
                                           AT&T OPERATIONS, INC., AT&T SERVICES,
                                           INC.,  SBC INTERNET SERVICES, INC. AND
                                           SOUTHWESTERN BELL TELEPHONE
                                           COMPANY

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for defendants has conferred with counsel for plaintiffs on January 16, 2014, in a good faith effort to resolve the matters raised by this motion. Counsel for plaintiffs stated that plaintiffs intend to oppose the relief sought herein.

/s/ Mark W. Kiehne
Mark W. Kiehne
*One of the Attorneys for AT&T*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically in compliance with Local Rule CV-5(a). As such, the foregoing document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1). Pursuant to Fed. R. Civ. P. 5(a)-(d) and Local Rule CV-5(b)(2), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 16th day of January 2014.

/s/ Mark W. Kiehne
Mark W. Kiehne
*One of the Attorneys for AT&T*

12