FILED

FEB 0 6 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TWO-WAY MEDIA, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. SA-09-CA-00476-OLG |
| | § | |
| AT&T OPERATIONS, INC., et al. | § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANTS' MOTION PURSUANT TO FRAP 4(a) AND DEFENDANTS' MOTION TO EXTEND PRIOR STAY

Before the Court are Defendant AT&T Operations, Inc., et al. (collectively "Defendants") Motion to Extend Time to File its Notice of Appeal Pursuant to Federal Rule of Appellate Procedure 4(a) (docket no. 626), Defendants' Motion to Extend Prior Stay (docket no. 627), Plaintiff's Response in Opposition (docket no. 628), and Defendants' Reply thereto (docket no. 629). For the reasons stated below, the Court DENIES Defendants' motions.

## I. BACKGROUND

On November 22, 2013, the Court issued orders granting all of Defendants' motions for leave to file sealed documents, and denying each of Defendants' substantive post-trial motions, including (1) Defendants' Rule 50(b) Motion for Judgment as a Matter of Law (JMOL) on Damages and (2) Rule 59 Motion for New Trial (*see* docket no. 613); (3) Defendants' Motion for JMOL or New Trial based on Invalidity (*see* docket no. 614); (4) Defendants' Motion for a New Trial on Non-Infringement (*see* docket no. 615); and (5) Defendants' Motion for JMOL on Non-Infringement (*see* docket no. 616). That same day, the Court also issued an order on Plaintiff's bill of costs (*see* docket no. 612).

Defendants argue that the e-mail notice of electronic filings (NEF's) that defense counsel received on November 25, 2013 did not provide them with "notice" that Defendants' substantive post-trial motions had been resolved. As reflected in the exhibits attached to Defendants' motion, the e-mail notifications defense counsel received on November 25, 2013 only contained language regarding the Court's grant of their motions for leave to file sealed documents, but failed to mention the denial of their substantive post-trial motions, which was provided in the same orders.  Defendants did, however, receive e-mail notifications that the Court had entered an order on Plaintiff's bill of costs and had denied Defendants' motion for new trial and JMOL on invalidity (*see* docket no. 614), which were not sealed pleadings.

Defendants note that the docket entries for the orders at issue (docket nos. 613, 615, and 616) were modified on November 25, 2013 to reflect the denial of the substantive post-trial motions, but no new electronic notices were sent by the Court's electronic case filing (ECF) system to reflect these amended docket entries. Accordingly, Defendants contend that based on the NEFs they received, counsel believed the motions for JMOL and new trial on damages and non-infringement had not been disposed of and remained pending before the Court. That is, Defendants claim the fact they "did not receive sufficient notice of the substance of the orders entered justifies reopening the time to file an appeal." The Court respectfully disagrees.

## II.   ANALYSIS

The timely filing of a notice of appeal is a jurisdictional requirement. *Marandola v. United States*, 518 F.3d 913, 914 (Fed. Cir. 2009) (citing *Bowles v. Russell*, 551 U.S. 205, 213 (2007)). An untimely notice of appeal must be dismissed for lack of jurisdiction; the requirement cannot be waived, and is not subject to equitable tolling. *Id.* In this case, Defendants failed to timely file its notice of appeal, and now seek an extension of time to file it pursuant to Federal

Rule of Appellate Procedure 4(a)(5). In the alternative, Defendants seek to reopen the time to file an appeal pursuant to Rule 4(a)(6). Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides that:

> The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Because Defendants had filed post-trial motions under Federal Rule of Civil Procedure 50(b) and 59, the time prescribed by Rule 4(a) runs from the entry of the last order disposing of the motions. *See* FED. R. APP. P. 4(a)(4)(A). Although the orders at issue were docketed on November 25, 2013, the orders were signed by the undersigned judge and therefore disposed of by the Court on November 22, 2013. Thus, under the time prescribed by Rule 4(a), the deadline to file a notice of appeal expired on December 22, 2013.[1] *See Unitronics (1989) (RG) Ltd. v. Gharb*, 318 Fed. App'x 902, 904 (Fed. Cir. 2009) (noting time to file an appeal began to run after the district court disposed of post-judgment motion). However, Defendants argue good cause or excusable neglect exists under Rule 4(a)(5) because defense counsel did not receive notification that three of its post-trial motions had been resolved.

The Fifth Circuit has explained that:

> The [excusable neglect] determination is at bottom an equitable one, taking into account all the relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . . the length of the delay and the impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

---

[1] Defendants argue the deadline for filing the notice of appeal expired on December 26, 2013, thirty days after the orders were docketed. However, Defendants missed the deadline for filing its notice of appeal even if the time prescribed under Rule 4(a) is calculated from the date of docketing.

*Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007). Defendants contend the reason for the delay in filing a notice of appeal was not "within the reasonable control of [Defendants]" because the NEFs communicated an "incomplete description of the order[s]" to defense counsel.

The Court finds that Defendants' "lack of notice" argument is clearly addressed and rejected by Federal Rule of Civil Procedure 77(d)(2), which states "[l]ack of notice of the entry [of an order or judgment] *does not affect the time for appeal* or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)." FED. R. CIV. P. 77(d)(2) (emphasis added).

According to the Advisory Committee Notes on the 1991 Amendment of Rule 77(d), "a failure to receive notice may have increased in frequency with the growth in the caseload in the clerks' office . . . [however], the present strict rule imposes a duty on counsel to maintain contact with the court while a case is under submission." Therefore, as interpreted by many federal courts, Rule 77(d)(2) expressly rejects Defendants' argument in this case, as a lack of notice alone is not enough, and does not excuse, a party's failure to appeal within the time allowed. *See, e.g., Reinhart v. U.S. Dep't of Agric.*, 39 Fed. App'x. 954, 956 (6th Cir. 2002) (per curiam) (noting "the failure of a court clerk to give notice of entry of an order is not a ground, by itself, to warrant finding an otherwise untimely appeal to be timely"); *Avolio v. Cnty. of Suffolk*, 29 F.3d 50, 52 (2d Cir. 1994) (noting plaintiff's failure to discover that a judgment had been entered, even when the clerk had failed to mail a notice of judgment as directed by FED. R. CIV. P. 77(d), does not constitute excusable neglect under Rule 4(a)); *Case v. Basf Wyandotte*, 737 F.2d 1034, 1035 (Fed. Cir. 1984) (noting district court did not abuse its discretion in holding a notice of appeal untimely, even when appellant did not receive notice of order disposing of the case,

because appellant had not established he had examined the court records with sufficient frequency to determine that the case had been decided); *In re Morrow*, 502 F.2d 520, 523 (5th Cir. 1974) ("Rule 77(d) [] makes it clear that notification by the clerk of the entry of a judgment [or order] has nothing to do with the starting of the time for appeal, that time starts to run from the date of entry of judgment and not from the date of notice of the entry.")

As noted by the Fifth Circuit in *In re Morrow*, "notification by the clerk [of entry of judgment or of an order] is merely for the convenience of the litigants." 502 F.2d at 523; *see also Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1201–02 (5th Cir. 1993) (holding Rule 77(d) implicitly creates a duty for parties to inquire periodically into the status of their litigation). The Court finds that Rule 77(d) imposes on attorneys the responsibility to check on the status of their case. The Court notes it is every attorney's responsibility to read the substance of each order issued by the Court, and to read the order in its entirety. If any of defense counsel would have read the orders issued by the Court on November 22, 2013, which they were notified of on November 25, 2013, counsel would have realized that each of the substantive post-trial motions had been denied. Defense counsel admits that the orders were "downloaded and stored" by litigation assistants in two different firms representing Defendants; yet, it appears that nobody actually read the orders.

The Court finds it is not sufficient for attorneys to rely on the electronic and e-mail notifications received from the ECF system, as the docket entries and notifications do not always convey the Court's disposition in its entirety. The substance of the orders carry validity under the law, not the electronic NEFs. *See, e.g., Nichols-Morris Corp. v. Morris*, 279 F.2d 81, 82 (2d Cir. 1960) (noting time to appeal from judgment begins to run from date of its entry, not from notice of its entry). The Court must agree with Plaintiff's opposition to Defendants' motion and finds it

5

very troublesome that: for almost 52 days after the entry of the orders, none of the at least eighteen counsel that received the NEFs on behalf of Defendants, even after admittedly having their assistants download and file such orders, bothered to read the orders issued by the Court, check the docket for activity, or check on the status of the case. Such an omission is particularly alarming in this case where a $40 million judgment has been entered against Defendants. The Court also finds it troublesome that defense counsel admittedly received notice, on the same day as the other orders at issue, that its motion for a new trial and JMOL on invalidity had been denied and that the Court had ruled on Plaintiff's bill of costs. Defense counsel should be aware that costs are not assessed by the Court until all pending matters that affect the finality of judgment, including post-trial motions, have been ruled on. *See generally* FED. R. CIV. P. 54(d) (noting that costs are generally awarded as a matter of course to the prevailing party); *see Shum v. Intel Corp.*, 629 F.3d 1360, 1366–70 (Fed. Cir. 2010) (same).

Furthermore, the Court also rejects Defendants' contention that they are entitled to relief under Rule 4(a)(6) because they received insufficient notice. Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides that:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party received notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

The Court is not convinced that Defendants failed to receive notification that their substantive post-trial motions had been disposed of. Instead, the Court finds Defendants received notification that all their substantive post-trial motions had been denied the moment the

corresponding orders were downloaded by legal assistants in both of defense counsel's law firms. In other words, the Court finds that "lack of notice" is not equivalent or excusable by an attorney's failure to read the Court's orders. *See Khor Chin Lim v. Courtcall Inc.*, 683 F.3d 378, 379–81 (11th Cir. 2012) (noting failure of attorney to open mail does not constitute failure to receive notice for the purpose of Rule 4(a)(6)); *Bradley v. Kelly Services, Inc.*, 224 Fed. App'x 893, 895 (11th Cir. 2007) (noting that Rule 77(d) deems mailing of notices by the clerk to be notice to a party, regardless of whether the notice is actually received or read by the party). Because Defendants received notice of the denial of their post-trial motions, this Court will not reopen the time to file a notice of appeal under Rule 4(a)(6), which requires a lack of notice. Contrary to Defendants' assertion, the Court finds that Plaintiff would be prejudiced if Defendants are permitted to file its notice of appeal after missing the deadline. This prejudice also prevents the Court from granting Defendants an extension of time to file its notice of appeal under Rule 4(a)(6).

Finally, in an attempt to circumvent the application of Rule 77(d), Defendants allege this Court may grant an extension of time to file their notice of appeal because Rule 77(d) permits relief where "allowed by Federal Rule of Appellate Procedure 4(a)." However, the Court finds Defendants' argument is circular in nature, as Defendants' reliance on a "lack of notice" argument as good cause or excusable neglect under Rule 4(a)(5) is directly refuted by Rule 77(d)(2), which specifically states that lack of notice alone does not affect the time for appeal. FED. R. CIV. P. 77(d)(2); *see Morrow*, 502 F.2d at 523. Furthermore, defense counsel admits that they downloaded actual copies of the orders at two different law firms, but instead of reading the orders, they relied solely on the NEF text and did not check the docket for more than 52 days. The Court finds the facts in this case do not establish "good cause" or "excusable neglect" to

grant an extension of time to file a notice of appeal, given that Defendants' inaction was wholly within its control. *See Gonzalez v. State Fair of Texas*, 235 F.3d 1339, 1340 (5th Cir. 2000) (noting that negligence by an attorney or his office staff is insufficient to rise to the level of excusable neglect). Furthermore, this Court declines to give "[a]n interpretation of Rule 4(a)(6) that allows parties to ignore entirely the electronic information at their fingertips," as it would "severely undermine the benefits for both courts and litigants fostered by the CM/ECF system, including the ease and speed of access to all the filings in a case." *See Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 371 (6th Cir. 2007).  The Court finds that defense counsel's failure to check the docket activity or the status of the case for over 52 days does not entitle Defendants to an extension of time to file a notice of appeal under Rule 4(a) of the Federal Rules of Appellate Procedure.

Accordingly, for all of these reasons, the Court DENIES Defendants' Motion for Extension of Time to File their Notice of Appeal, and DENIES Defendants' Motion to Extend the Stay of Execution of Judgment entered in this action on September 6, 2013.

It is so ORDERED.

SIGNED this ___6___ day of ____February____, 2014.

United States District Judge Orlando L. Garcia